UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GERALD DUANE MCDONALD,

                Plaintiff,

v.

CHRISTOPHER S. KING et al.,

                Defendants.

_____/

Case No. 1:25-cv-510

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.46.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties

to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal

law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2),

1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a

claim against Defendants King and Sims.

The Court will also dismiss, for failure to state a claim, the following claims against

remaining Defendant Dennison: official capacity claims for monetary damages, claims for

violation of MDOC policy, and Eighth Amendment failure-to-protect claims related to assaults

prior to April 17, 2023.

Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Dennison for the

April 17, 2023, assault by Inmate McCants remains in the case.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.      **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following LRF staff in their official and personal capacities: Warden Christopher S. King, Correctional Officer Unknown Sims, and Correctional Officer Unknown Dennison.

Plaintiff alleges that, during mid-2022, Plaintiff was housed in the Conklin Unit of LRF. (Compl., ECF No. 1, PageID.3.) He alleges that two deaths occurred in the Conklin Unit "as a result of stab wounds (inmate-on-inmate assault) within 2 year[s] of each other." (*Id.*) Also during this time, Plaintiff was being "sexually threatened" by non-party Inmate Williams. (*Id.*) Plaintiff told non-party P.C. Jones of Inmate William's behavior. (*Id.*) Jones told Plaintiff that Plaintiff needed to be the one to report it. (*Id.*) Plaintiff reports that he was afraid of reporting Inmate Williams' behavior because he feared retaliation by other prisoners. (*Id.*)

Plaintiff claims that "[b]y spring of 2023," Defendant King was aware of "the substantial risk of serious harm to inmates at [LRF]." (*Id.*, PageID.4.) On March 27, 2023, Plaintiff was moved to the Eastlake Unit and housed with non-party Inmate McCants, who was convicted of several crimes, including the "rape [of] 2 male victims." (*Id.*) Inmate McCants had a "management score" of 35, qualifying him for a level five facility with single-person cells. (*Id.*, PageID.5.)

On April 13, 2023, Inmate McCants physically assaulted Plaintiff. (*Id.*) Plaintiff screamed and pushed the emergency call button, but no one responded. (*Id.*)

On April 15, 2023, Defendant Dennison allowed Inmate McCants out to the yard with another "wing" of inmates. (*Id.*, PageID.6.) When non-party Officer Kennedy noticed Inmate McCants in the yard, Officer Kennedy sent Inmate McCants inside. (*Id.*)

That same day, Defendant Sims asked Plaintiff what happened to his face without speaking to Plaintiff privately. (*Id.*, PageID.6–7.) Plaintiff did not tell Defendant Sims of the assault by Inmate McCants. (Pl. Decl., ECF No. 1-4, PageID.42.)

Inmate McCants continued to assault Plaintiff verbally and physically throughout the weekend. (Compl., ECF No. 1, PageID.7.) On April 17, 2023, Plaintiff showed Defendant Dennison his injuries caused by Inmate McCants and stated, "Get me outta' this cell." (*Id.*) Inmate McCants was permitted to return to the cell and again assaulted Plaintiff. (*Id.*) Plaintiff was subsequently sent to Trinity Health Medical Center, where he received medical treatment for injuries following the assault. (Medical Records, ECF No. 1-2, PageID.28–33.)

Eventually, Plaintiff told non-party P.C. Short about the assaults and P.C. Short "removed [Plaintiff] from harms way." (Compl., ECF No. 1, PageID.7.)

Plaintiff brings Eighth Amendment claims against Defendants for failing to protect him from inmate-on-inmate assault. (*Id.*, PageID.10–11.)[2] He seeks declaratory, injunctive, and monetary relief. (*Id.*, PageID.12–14.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

---

[2] Because Plaintiff specifically identifies the claims that Plaintiff intends to bring in this suit, the Court does not construe Plaintiff's complaint to raise any other claims.

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff brings claims against Defendants in their official as well as personal capacities. A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute.

6

*See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

Here, Plaintiff seeks monetary damages. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, the Court will dismiss Plaintiff's official capacity claims for money damages.

Plaintiff also seeks injunctive and declaratory relief. Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (internal citation omitted.) The Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v.*

*Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Because Plaintiff seeks prospective injunctive and declaratory relief, Plaintiff's official capacity claims for injunctive relief will be addressed in connection with the substance of Plaintiff's § 1983 claims.

### B.    Personal Capacity Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). For a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27

(1984). To show liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 32; *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

### 1.    Defendant King

Plaintiff alleges that Defendant King, as Warden, was responsible for the overall operation of LRF. (Compl., ECF No. 1, PageID.3.) Plaintiff further alleges that Defendant King was generally aware of the danger of inmate-on-inmate assault at LRF. (*Id.*, PageID.3–4.)

First, to the extent that Plaintiff seeks to hold Defendant King liable in his supervisory role, he may not do so. Government officials, such as Defendant King, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See*

9

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff has not alleged facts that would demonstrate that Defendant King knowingly authorized or acquiesced in the decision to allow Plaintiff to remain with Inmate Williams or Inmate McCants. Indeed, Plaintiff's complaint does not plausibly suggest that Defendant King was personally aware of the issues that Plaintiff was experiencing with his cellmates. Accordingly, the Court will dismiss Plaintiff's claims against Defendant King to the extent premised upon supervisory liability.

Second, Plaintiff alleges that Defendant King was aware only of a general risk of harm at LRF. However, allegations of general risk of harm do not support an Eighth Amendment claim. *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001) (citing *Farmer,* 511 U.S. at 833). Gant Plaintiff is required to plead facts that would plausibly suggest that Defendant King was

10

subjectively aware that of a substantial risk of serious harm *facing Plaintiff*. *See Farmer*, 511 U.S. at 834. Plaintiff has not met that burden. Accordingly, the Court will dismiss Plaintiff's claims against Defendant King.

### 2.    Defendant Sims

Plaintiff alleges that Defendant Sims asked Plaintiff asked Plaintiff what happened to Plaintiff's face without speaking to Plaintiff privately. (Compl., ECF No. 1, PageID.6–7.) Plaintiff acknowledges that he did not tell Defendant Sims about Inmate McCants' actions. (Pl. Decl., ECF No. 1-4, PageID.42.) Plaintiff's complaint is, therefore, devoid of facts that would allow the Court to infer that Defendant Sims was aware of any substantial risk of serious harm to Plaintiff posed by either of Plaintiff's cellmates. Therefore, the Court will dismiss Plaintiff's complaint against Defendant Sims.[3]

### 3.    Defendant Dennison

Plaintiff also does not claim that Defendant Dennison was aware that Plaintiff faced a substantial risk of serious harm from Inmate Williams. Plaintiff first claims that Defendant Dennison allowed Inmate McCants out to the yard with another "wing" of inmates on April 15, 2023. (Compl., ECF No. 1, PageID.6.) However, Plaintiff does not claim that Defendant Dennison

---

[3] Throughout his complaint, Plaintiff faults Defendant Sims and others for not abiding by various MDOC policies and procedures. Such assertions, however, fail to state a constitutional claim. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law or prison policy. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *see also Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007). Additionally, courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney*, 501 F.3d at 581 n.2; *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton*, 27 F.3d at 1164; *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992). Accordingly, any claims premised upon violations of MDOC policy and procedure will be dismissed.

was aware that Inmate McCants posed any substantial risk of serious harm to Plaintiff at that time and does not allege that he suffered any harm as a result of Defendant Dennison's decision to allow Inmate McCants to be in the yard with other inmates. Accordingly, Plaintiff cannot state an Eighth Amendment claim against Defendant Dennison related to Defendant Dennison's decision to allow Inmate McCants in the yard with other inmates on April 15, 2023, or with respect to any assault by Inmate McCants prior to April 17, 2023.

However, Plaintiff also alleges that, on April 17, 2023, he showed Defendant Dennison his injuries and told Defendant Dennison, "Get me outta' this cell, look what he's doing to me!" (Compl., ECF No. 1, PageID.7.) Plaintiff claims that Defendant Dennison did not remove Plaintiff or Inmate McCants from the cell, and that Plaintiff was later again assaulted, requiring medical attention. (*Id.*; Medical Records, ECF No. 1-2, PageID.28–33.) These allegations, taken as true, are sufficient to state an Eighth Amendment claim against Defendant Dennison for failing to protect Plaintiff from the April 17, 2023, assault that followed Plaintiff's verbal report.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants King and Sims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against the remaining Defendant Dennison: official capacity claims for monetary damages, claims for violation of MDOC policy, and Eighth Amendment failure-to-protect claims related to assaults prior to April 17, 2023. Plaintiff's Eighth

Amendment failure-to-protect claim against Defendant Dennison for the April 17, 2023, assault by Inmate McCants remains in the case.

An order consistent with this opinion will be entered.

Dated: April 7, 2026

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge